IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROYAL S. SCHULTZ,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:16-CV-476
CRIM. NO. 2:13-CR-00258
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 80.) For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 81) be **GRANTED** and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 80) be **DISMISSED**.

Petitioner's *Pro Se Request for Final Disposition* (ECF No. 83) is **DENIED**, as moot.

### Facts and Procedural History

Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to Counts One and Two of the *Indictment*, which charged him with conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a), and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF Nos. 34, 51.) On August 12, 2014, the Court imposed a sentence of 80 months imprisonment on Count One and 60 months on Count Two, such sentences to be served consecutively to each other, to be followed by five years supervised release. The Court ordered restitution in the amount of $11,363.02, jointly and severally with the co-defendants. (ECF Nos. 68, 69.)

On May 27, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. Petitioner asserts that his conviction on carrying a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) should be dismissed in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), because the predicate offense for such conviction, *i.e.*, his conviction on conspiracy to commit a Hobbs Act robbery, does not constitute a "crime of violence."

In *Johnson v. United States*, 135 S.Ct. at 2551, the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA"), to be unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives*, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing *Johnson,* 135 S.Ct. at 2555–2556). It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

2

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at —, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ——, 135 S. Ct., at 2560.

*Welch,* 136 S.Ct. at 1262.

18 U.S.C. § 924(c)(1)(A) provides for an enhanced punishment for any person who uses, carries, or possesses a firearm, "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015)(footnote omitted). "[A]lthough a conspiracy to violate the Hobbs Act qualifies as a 'crime of violence' within the meaning of § 924(c), it qualifies only under the 'residual clause' from § 924(c)(3)(B), and not under the 'force clause' from § 924(c)(3)(A)." *United States v. Ledbetter*, No. 2:15-cr-080, 2:140cr-127, 2016 WL 3180872, at *6 (S.D. Ohio June 8, 2016)(citing *United States v. Edmundson*, 153 F. Supp. 3d 857, 859 (D. Md. 2015) (concluding that a Hobbs Act conspiracy does not fall under the "force clause" because such a conspiracy "can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another"). "The Sixth Circuit has expressly held that 'a conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be

3

used against the person or property of another, *and therefore is a crime of violence within the meaning of section 924(c).*" *Id.* (emphasis added) (mirroring language from the "residual clause" of 18 U.S.C. § 924(c)(3)(B)); *United States v. Elder*, 88 F.3d 127, 129 (2d Cir. 1996) (same)). Moreover, the United States Court of Appeals for the Sixth Circuit has expressly declined to apply the reasoning in *Johnson* to invalidate the "residual clause" of § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016)). This Court is bound by that decision. Therefore, Petitioner's claim that his conviction under § 924(c) is constitutionally invalid fails. *See United States v. Ledbetter*, 2016 WL 3180872, at *6-7.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 81) be **GRANTED** and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 80) be **DISMISSED**.

Petitioner's *Pro Se Request for Final Disposition* (ECF No. 83) is **DENIED**, as moot.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*  
Elizabeth A. Preston Deavers  
United States Magistrate Judge

Date:  November 22, 2016