**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROYAL S. SCHULTZ,**

      **Petitioner,**

                                                    **CASE NO. 2:16-CV-476**
   v.                                        **CRIM. NO. 213-CR-00258**
                                                    **JUDGE GEORGE C. SMITH**
                                                    **Magistrate Judge Deavers**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**OPINION AND ORDER**

      On November 22, 2016, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (ECF No. 81) be granted and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 80) be dismissed. (ECF No. 85). Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. (ECF No. 89). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 89) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 85) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 81) is **GRANTED.** The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 80) is **DISMISSED.**

      Petitioner's request for a certificate of appealability is **GRANTED**.

      Petitioner challenges his convictions pursuant to his guilty plea on conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a), and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner asserts that his conviction on carrying a firearm in furtherance of a crime of violence should be

dismissed in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act to be unconstitutionally vague), because the predicate offense for this conviction, *i.e.*, his conviction on conspiracy to commit a Hobbs Act robbery, does not constitute a "crime of violence." The Magistrate Judge recommended dismissal of this claim on the merits.

Referring to *United States v. Edmundson*, 153 F. Supp. 3d 857, 864 (D. Md. Dec. 30, 2015) (holding that a Hobbs Act conspiracy does not constitute a crime of violence under the "force clause" of 924(c), and that the residual clause of § 924(c)(3)(B) is unconstitutionally vague), and *Welch v. United States*, -- U.S. --, --, 136 S.Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review), Petitioner maintains that his § 924(c) conviction is constitutionally invalid. This Court does not agree.

As noted by the United States District Court for the Southern District of Florida in *Mobley v. United States*, Nos. 16-cv-61388-BLOOM; 16-cr-60005-BLOOM, 2016 WL 7188296, at *5 (S.D. Fla. Dec. 12, 2016), the Courts of Appeals for the Second, Sixth, and Eighth Circuits have all rejected arguments "nearly identical" to those raised by Petitioner herein. *Id.* (citing *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016)). "The majority of district courts to consider this issue have also distinguished § 924(3)(B) from ACCA's residual clause." *United States v. Hernandez,* No. 2017 WL 111730, at 11, n.13 (D. Me. Jan. 11, 2017) (citing *United States v. Moreno-Aguilar*, No. 13-496, 2016 WL 4089563, at *6-9 (D. Md. Aug. 2, 2016); *Kundo v. United States*, No. 16-436, 2016 WL 3079755, at *2-3 (D. Utah, May 31, 2016); *United States v. Green*, No. 15-526, 2016 WL 277982, at *3-5 (D. Md. Jan. 22, 2016); *United States v. Tsarnaev*, 157 F. Supp. 3d 57, 71-74 (D. Mass. 2016); *United States v. Checora*, 155 F. Supp. 3d

1192, 1201-03 (D. Utah 2015); *McDaniels*, 147 F. Supp. 3d at 436-37; *United States v. Lusenhop,* No. 14-122, 2015 WL 5016514, at *3 (S.D. Ohio Aug. 25, 2015)). Further, this Court is bound by the decision of the United States Court of Appeals for the Sixth Circuit in *Taylor,* which has rejected Petitioner's argument.

Petitioner requests a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

The Court concludes that reasonable jurists could debate whether Petitioner has raised a meritorious claim for relief, as other federal district courts to address the issue have reached a different conclusion. *See, e.g., Edmundson*, 153 F.Supp.3d at 857. Therefore, the Court **GRANTS** Petitioner's request for a certificate of appealability, and certifies the following issue for appeal:

> Is the residual clause of 18 U.S.C. § 924(c) unconstitutional in view of Johnson *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), thus requiring Petitioner's conviction on carrying a

3

firearm in furtherance of a crime of violence *i.e.*, conspiracy to commit a Hobbs Act robbery, to be vacated?

Petitioner's *Objection* (ECF No. 89) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 85) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 81) is **GRANTED.** The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 80) is **DISMISSED.**

Petitioner's request for a certificate of appealability is **GRANTED.**

    **IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**