IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROYAL SCHULTZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-476
CRIM NO. 2:13-CR-258
JUDGE GEORGE C. SMITH
Chief Magistrate Judge Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Movant's motion seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 96). For the reasons that follow, the motion is construed as a successive motion to vacate under 28 U.S.C. § 2255. Accordingly, it is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. (ECF No. 96).

### I.    BACKGROUND

Movant was sentenced to 140 aggregate months of imprisonment after pleading guilty to conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a), and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF Nos. 34, 51). Movant subsequently filed a motion to vacate under 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be dismissed in light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015), in which the United States Supreme Court found that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. (ECF No. 80). Movant asserted that the

rationale in *Johnson*, invalidating the residual clause of ACCA, also invalidated the identically-worded residual clause of § 924(c)(3), and thus Movant's predicate offense, conspiracy to commit Hobbs Act robbery, no longer constituted a crime of violence. On February 2, 2017, this Court denied the motion to vacate because the United States Court of Appeals for the Sixth Circuit had already declined to extend the holding in *Johnson* to invalidate the residual clause of § 924(c)(3) in *United States v. Taylor*, 814 F.3d 340 (6th Cir 2016). (ECF Nos. 85, 90). Although this Court granted Movant a Certificate of Appealability as to that issue, the Sixth Circuit confirmed that conspiracy to commit Hobbs Act Robbery was a crime of violence pursuant to the residual clause of § 924(c)(3), and that clause remained viable post-*Johnson*. (ECF No. 93).

On July 19, 2019, Movant filed a motion seeking relief from this Court's February 2, 2017, judgment pursuant to Rule 60(b)(5) and (6). Movant contends that he is entitled to such relief because the Supreme Court recently concluded that § 924(c)(3)'s residual clause is unconstitutionally vague in violation of the Due Process Clause and separation of powers principles. *United States v. Davis*, — U.S. —, 139 S.Ct. 2319, 2019 WL 2570623 (2019). Movant asserts that as a result of that ruling, conspiracy to commit Hobbs Act Robbery no longer constitutes a crime of violence. Movant asks this Court to "re-open his 2255 proceedings, and (grant) a re-sentencing hearing and/or resentence [Movant] to a term of imprisonment of (Time Served)."

## II.  DISCUSSION

In the federal habeas context, courts draw a distinction between "true" motions under Rule 60(b)[1] and applications for habeas relief. When "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion.'" *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). A Rule 60(b) motion that attacks the resolution of a former claim on the merits will also be considered a § 2255 motion. *Id.* at 1023. On the other hand, a true Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* (quoting *Gonzalez*, and discussing its application in § 2255 proceedings).

In this case, Movant does not attack the integrity of the prior § 2255 proceedings. Instead, he attacks the resolution of his former claim on the merits in light of new case law. That being the case, the instant motion must be construed, not as a Rule 60(b) motion, but as a second or successive § 2255 motion.

A district court cannot entertain a second or successive § 2255 unless an applicant moves the appropriate circuit court of appeals for an order authorizing the district court to do so. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). Under § 2244(b)(3)(A), only a circuit court of appeals has

---

[1] Rule 60(b) provides, in relevant part:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . .
>
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . .
> >
> > (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

3

the power to authorize the filing of a second or successive motion to vacate. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Unless the court of appeals has authorized a second or successive motion, a district court sitting in the Sixth Circuit must transfer the motion to the Sixth Circuit Court of Appeals. *Id.* Moreover, a circuit court will authorize a successive petition only if a movant makes a *prima facie* showing that the claim he seeks to assert relies on:

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Sims guilty; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). No such authorization has been received from the Sixth Circuit in this case.

At least one other district court has determined that a Rule 60(b) motion raising a claim under *Davis* constituted a successive § 2255 motion that required authorization from a circuit court of appeals. *Thomas v. United States*, Case No. 8:10-cr-438-T-33AAS, 2019 WL 3388318, at *1 (M.D. Fla. July 26, 2019). In that case, the movant filed a § 2255 motion in 2014 alleging that she had received ineffective assistance of counsel in her criminal case. That motion was denied. In 2016, the movant moved to amend her § 2255 motion in light of the Supreme Court's decision in *Johnson*. *Id.* The motion to amend was denied, and movant filed a motion to reconsider, which was also denied. *Id.* On appeal, the Court of Appeals for the Eleventh Circuit concluded that the 2014 motion to reconsider constituted a successive § 2255 motion that had not been authorized. *Id.* In 2019, the movant filed a motion seeking relief from her conviction under Rule 60(b) on the basis of the Supreme Court's ruling in *Davis*. The district court concluded that the movant was not entitled to relief under Rule 60(b), and that in any event, her Rule 60(b)

4

motion actually constituted a successive § 2255 motion that required prior authorization from the Eleventh Circuit. *Id.*, at *1–2. Such are the circumstances here.

### III. CONCLUSION

For the reasons described herein, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**
