**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**               **:**     **Case No. 2:13-cr-258**

      **v.**                         **Judge Sarah D. Morrison**
                             **:**     **Chief Magistrate Judge Elizabeth P. Deavers**

**ROYAL SCHULTZ,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's Motion to Reconsider his earlier Motion for Immediate Release. (ECF No. 104.) The Government has filed a response. (ECF No. 106.) This matter is now ripe for consideration.

On November 15, 2013, Defendant Royal Schultz was arrested on a warrant pursuant to a pending Indictment. (ECF Nos. 3, 9.) As relevant here, Mr. Schultz was charged with a Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count 1) and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (Count 2). (ECF No. 3.) Section 924(c)(1)(A) prohibits, among other things, carrying a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence," as defined in 18 U.S.C. § 924(c)(3), is "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3) thus cannot stand on its own. It requires a predicate crime of violence that fits within one of the two subparts of § 924(c)(3), either subpart A (the "elements clause") or subpart B (the "residual clause"). In the case of Mr. Schultz, Count 1, the Hobbs Act conspiracy,

1

was that predicate. (ECF No. 3, at 4.) And that particular predicate crime has been understood to be a "crime of violence" only as defined by the residual clause. *See United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019) (finding that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only if it falls within the residual clause); *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011) (holding that a conspiracy to commit a violent crime does not necessarily involve force since a completed conspiracy need not be successful).

After his arrest, Mr. Schultz was ordered detained pending trial. (ECF No. 21.) On April 1, 2014, Mr. Schultz pleaded guilty to Counts 1 and 2. (ECF No. 41.) On August 12, 2014, Mr. Schultz was sentenced to eighty months imprisonment on Count 1 and the mandatory minimum of sixty months imprisonment on Count 2. (ECF No. 68.) These sentences were ordered to run consecutively (as required by statute), resulting in a total sentence of 140 months. (*Id.*) To date, Mr. Schultz has been in custody for over seventy-seven months.

On June 24, 2019, the Supreme Court held that the residual clause was unconstitutionally vague and voided § 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The consequences of *Davis*, as applied here, are twofold. First, Count 2 cannot be predicated on the now-voided residual clause. Second, because Mr. Schultz has preserved the vagueness argument by raising it in his habeas petition, (*see* ECF No. 80), his conviction for Count 2 must be vacated. The Government concedes both points. (ECF No. 106, at 3–5.) The only remaining point of contention between the parties is the appropriate next step. Mr. Schultz argues in his original motion and in his motion for reconsideration that he is entitled to immediate release. (ECF Nos. 99, 104.) The Government argues that he instead must be resentenced. (ECF No. 106, at 5–6.)

The Government's argument carries the day. A district court's original sentencing intent is reflected in the *entire* sentence rendering it appropriate to vacate the entire sentence even when

only a portion is invalidated. *See Pepper v. United States*, 562 U.S. 476, 507 (2011). This is particularly so here where "the 924(c) offense and the underlying offense are interdependent[] and must be considered as components of a single comprehensive sentencing plan." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997); *see Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." (quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017))).

Mr. Schultz argues for immediate release presumably based on two assumptions, that his sentence will now be eighty months and that, when accounting for good time credit, he may have already served the equivalent of an eighty-month sentence. But as explained above, a resentencing involves reconsideration of the *entire* sentence. While Mr. Schultz may well be resentenced to eighty months, it is in the Court's discretion to sentence him differently. (*See* ECF No. 106, at 5–6 (noting potential change in Mr. Schultz's offense level on resentencing).)

Thus, the Court **DENIES** Defendant's Motion to Reconsider his Motion for Immediate Release (ECF No. 104) but **GRANTS** Defendant's Motion to Reconsider his Motion to Vacate, pursuant to 28 U.S.C. § 2255 (ECF No. 96). Defendant's sentence is **VACATED**. The Probation Office is **DIRECTED** to prepare an expedited presentence investigation report upon the completion of which this Court will set this case for resentencing.

**IT IS SO ORDERED**.


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**